

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

DIVISION OF
ENFORCEMENT

September 30, 2022

*Via ECF*
Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:  *SEC v. Ciapala,* 20-cv-00008 (JLR) (S.D.N.Y.)

Dear Judge Rochon:

      Plaintiff Securities and Exchange Commission, together with Defendant Kenneth Ciapala ("Ciapala") and intervener United States, respectfully submit this joint letter to update the Court on the status of the case, as directed in the Court's September 20, 2022 Notice of Reassignment (ECF No. 28).  Defendant Blacklight SA ("Blacklight"), a Swiss entity, has not appeared in this action.

      By Order dated October 13, 2020 (ECF No. 27), prior to the commencement of discovery in this case, Judge Oetken granted the U.S. Attorney's motion to intervene and stay, and ordered that this action be stayed in its entirety until completion of the parallel criminal action *United States v. Ciapala*, 19-cv-874 (GBD) (S.D.N.Y.).

      Below is the relevant information called for by the categories in the Notice of Reassignment:

1. <u>Names of counsel and current contact information.</u>  The current counsel information is correctly reflected on the docket.

2. <u>A brief statement of the nature of the case.</u> As alleged in the Complaint in this action (ECF No. 1), during 2014 and 2015, Defendants violated the registration and antifraud provisions of the federal securities laws in connection with an unregistered offering and the manipulation of the securities of a microcap issuer, EMS Find, Inc. ("EMSF"). Defendants facilitated the deposit and sale of millions of shares of EMSF to the public, in violation of the registration provisions of the federal securities laws.  In the spring of 2015, Defendants also engaged in a pump-and-dump of EMSF securities, using stock deposited in domestic brokerage accounts, among others.

   In or about late June 2015, when that pump-and-dump scheme began to wind down, Defendants embarked on a new scheme involving manipulative trading, including placing non-bona fide bids to give the false appearance of demand, to maintain and support the price of EMSF shares.  The purpose of this manipulative trading was twofold: (a) to ensure that the price of EMSF shares was attractive to certain buyers who intended to purchase the shares at a discount; and (b) to enable the Defendants to liquidate some of their shares at the inflated price.

Hon. Jennifer L. Rochon
September 30, 2022
P a g e | 2

3. <u>Basis for jurisdiction and venue:</u> As alleged in the Complaint (¶¶ 7-8), this Court has jurisdiction over this action pursuant to Sections 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(d)(1) and 77v(a), and Sections 21(d) and 27 of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d) and 78aa.  Venue lies in this district pursuant to Securities Act Section 22(a), 15 U.S.C. § 77v(a), and Exchange Act Section 27.  A substantial portion of the transactions, acts, practices and courses of business constituting the violations alleged herein occurred within the Southern District of New York.  For example, some of the investors who purchased EMSF stock during Defendant's stock manipulation resided in this district, and at least one of the funds that purchased EMSF stock from an individual, identified in the Complaint as "Individual A," used a broker-dealer located in this district.

    In connection with the transactions, acts, practices and courses of business alleged in this Complaint, Defendants, directly or indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange.

4. <u>Statement of all existing deadlines, dates:</u>  None.  As noted above, this action has been stayed in its entirety until completion of the parallel criminal action, *United States v. Ciapala*.

5. <u>Previously-scheduled conference dates</u>:  None.

6. <u>Outstanding motions</u>:  N/A

7. <u>Pending appeals</u>: N/A

8. <u>Discovery undertaken</u>:  None, in light of the stay.

9. <u>Settlement discussions</u>: Commission counsel and counsel for Ciapala have discussed a potential consensual resolution of the action.

10. <u>Discussion of ADR</u>:  None

11. <u>Estimate of trial length</u>:  If a trial were to be necessary, the parties estimate it would last two weeks.

12. <u>Other information</u>:  The parallel criminal action, *United States v. Ciapala,* involves the same underlying conduct.  Both Ciapala and Blacklight were charged in the criminal action.  That action remains pending before Judge Daniels.

Hon. Jennifer L. Rochon
September 30, 2022
P a g e | 3

        Respectfully submitted,

        Securities and Exchange Commission

        By: */s/ Paul G. Gizzi*

        Paul G. Gizzi
        Senior Trial Counsel

        United States of America

        By: */s/ Noah Solowiejczyk*

        Noah Solowiejczyk
        Assistant United States Attorney

        Kenneth Ciapala

        By: */s/ Michael Ferrara*

        Michael Ferrara
        Kaplan Hecker & Fink LLP